Eastern District of Kentucky
F I L E D
MAY 09 2005
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-229-GWU

DINAH GIBSON,            PLAINTIFF,

VS:          <u>MEMORANDUM OPINION</u>

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

## INTRODUCTION

Dinah Gibson brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. <u>See</u> 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Gibson, a 38 year-old woman with a "limited" education and no past relevant work history, suffered from impairments related to disc protrusion at L5-S1 with chronic back pain, crepitus in the right knee, mild edema of the right ankle, a depressive disorder, borderline intelligence, and the residual effects of an open reduction internal fixation of the right tibia and fibula. (Tr. 17-18). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 26). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 26). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24-25).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of SSI.

Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks remand of the action for further consideration, and deny that of the defendant.

Dr. James Adams, a treating physician, opined in July of 2003 that Gibson was disabled from performing gainful activity. (Tr. 616). The ALJ rejected this opinion because it did not appear be supported by examination results or treatment notes and was ". . . totally inconsistent with the creditable medical evidence of record . . . " (Tr. 23).

Gibson argues that even if the ALJ's finding on this issue was appropriate, the administrative regulations still required that a treating physician be recontacted to obtain clarification or additional evidence when a treating source has issued what an ALJ determines to be an opinion inadequate to determine whether the claimant is disabled.

> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based upon medically acceptable clinical or laboratory diagnostic techniques.

20 C.F.R. Section 416.912(e)(1). Thus, the claimant asserts that if the ALJ thought that Dr. Adams' opinion was not well-supported, he first needed to recontact the physician to seek clarification.

In the unpublished opinion of Littlepage v. Chater, 1998 U.S. App. Lexis 688 (6th Cir., January 14, 1998), the Sixth Circuit Court of Appeals determined that this duty to recontact a treating source was not triggered when it was apparent from the record that all of the treatment notes and information upon which the physician's opinion had been based were of record. The defendant

6

asserts that this is also the case with the present action and cites Dr. Adams' treatment notes in Exhibit 23f. (Tr. 458-459). However, Dr. Adams' July, 2003 letter refers to treatment and findings from a Dr. John Balthrop, an orthopedic specialist, which influenced his opinion. (Tr. 616). No treatment records from Dr. Balthrop are currently in evidence. (Tr. 1-5). Thus, Dr. Adams does appear to have based his opinion upon information which was not in evidence and, so, under Section 416.912(e)(1), the ALJ did have a duty to recontact the doctor to obtain clarification or additional information.

The defendant cites 20 C.F.R. Section 416.927(e)(1) for the proposition that statements from medical sources on issues reserved to the Commissioner, such as the question of disabled status, are not dispositive of the case. While this certainly supports the ALJ's finding that Dr. Adams' letter would be inadequate to support a finding of disabled status, it does not relieve the ALJ of his duty to recontact the treating medical source when one has issued an inadequate opinion.

The defendant cites Dr. Adams' sparse treatment records (Tr. 458-459) and argues that the ALJ properly determined that these did not support the doctor's disability opinion. As previously noted, Dr. Adams' letter suggests that he relied upon information outside the current record in reaching his conclusion. (Tr. 616). Furthermore, the whole point of Section 416.912(e)(1) appears to be that ALJ needs to seek clarification concerning a weakly supported treating physician's opinion.

Finally, the defendant asserts that it was Gibson who had a duty to bring forth any additional evidence from Dr. Adams which was pertinent to her claim of disabled status. 20 C.F.R. Section 404.912(a). However, this argument was rejected by the Tenth Circuit Court of Appeals which noted that "the regulations

7

do not burden the claimant with any additional obligation in this regard once the record is deemed 'inadequate.'" White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002). Thus, once the duty to recontact has been triggered, it is the ALJ who has the duty to recontact. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __6__ day of April, 2005.

                                                G. WIX UNTHANK
                                                SENIOR JUDGE